IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 19-00170-02-CR-W-GAF |
| ) | |
| FIDELINA MUTISYA, ) | |
| ) | |
| Defendant. ) | |

REPORT AND RECOMMENDATION

Pending before the Court is the Motion to Dismiss Defendant Fidelina Mutisya From Case (Doc. #34). For the reasons set forth below, it is recommended that the motion be denied.

I. INTRODUCTION

On May 21, 2019, the grand jury returned a four-count Indictment against defendants Roggers Onyango Guche, Fidelina Mutisya, and Nellie Mbote. Count One charges that beginning in 2007 and continuing through the present, defendants Guche, Mutisya, and Mbote conspired with each other and others to commit offenses against the United States, that is, to enter into fraudulent marriages for the purpose of circumventing United States immigration laws in exchange for money, in violation of 18 U.S.C. § 371. Counts Two through Four charge only defendant Mbote.

II. DISCUSSION

Defendant Mutisya contends that the charges against her should be dismissed as the five-year statute of limitations has run. (Mutisya Mot. to Dismiss at 1-2; Doc. #34.) Specifically, defendant Mutisya argues that "the conspiracy ended on December 16, 2010, when Defendant received her permanent residency without conditions. Additionally, the last overt act

would have been committed on December 7, 2010, when Defendant mailed a statement to the USCIS [United States Citizenship and Immigration Services] in furtherance of her May 17, 2010, I-751 application." (*Id.* at 2.) The Indictment was returned on May 21, 2019, "eight and one-half years (8 ½) since that last overt act." (*Id.*)

"'[T]he crucial question in determining whether the statute of limitations has run is the scope of the conspiratorial agreement.'" *United States v. Stewart*, 841 F. Supp. 2d 431, 435 (D. Me. 2012)(quoting *Grunewald v. United States*, 353 U.S. 391, 397 (1957)). Defendant Mutisya attempts to define the conspiracy in a way that suits her, stating that the "the conspiracy ended on December 16, 2010, when Defendant received her permanent residency without conditions." However, the Indictment does not allege that the sole purpose of the conspiracy was for the defendants to receive their permanent residency without conditions. Rather, the Indictment set forth the Purpose of the Conspiracy as follows:

> 18.     The purpose of the conspiracy was for defendants to fraudulently obtain conditional resident status, lawful permanent resident status, and eventual citizenship in the United States by paying United States citizens money to enter into fraudulent marriages which would allow them to circumvent United States immigration laws, and making fraudulent representations in immigration documents submitted to, and proceedings with, USCIS, all for the personal benefit of defendants and others.

(Indictment at 6; Doc. #1.)

The statute of limitations for prosecutions initiated against a conspiracy to commit an offense against the United States or to defraud the United States is five years. *See* 18 U.S.C. § 3282(a). "It is well settled that conspiracy is a continuing offense that continues through the last overt act committed in furtherance of the conspiracy." *Ashraf v. Lynch*, 819 F.3d 1051, 1053 (8th Cir. 2016). For the conspiracy charge to be timely, the indictment must allege "the commission of at least one overt act by one of the conspirators within that [five year] period in

furtherance of the conspiratorial agreement." *United States v. Ongaga*, 820 F.3d 152, 158 (5th Cir.), *cert. denied*, 137 S.Ct. 211 (2016). Given that the Indictment against defendant Mutisya was returned on May 21, 2019, the last overt act committed in furtherance of the conspiracy must be alleged to have occurred on or after May 21, 2014. The Indictment sets forth the following overt acts that are alleged to have occurred after May 21, 2014:

> q. On or about June 6, 2014, Mbote filed Form N-400 with USCIS, falsely representing to the United States government that she had never committed a crime or offense for which she was not arrested and had never given false or misleading information to any U.S. government official while applying for any immigration benefit;

> \* \* \*

> s. On June 18, 2014, Guche made false statements to a United States immigration officer during an interview for adjudication of the Form N-336;

> t. On August 27, 2014, Mbote made false statements to a United States immigration officer during an interview for the adjudication of the Form N-400; and

> u. From June 2007 up until June 2017 Mutisya continued to make payments to USC2[1] for his ongoing cooperation in the marriage fraud scheme.

(Indictment at 9-10; Doc. #1.) The government has alleged overt acts occurring within the limitations period. Whether these acts will ultimately prove to have been done in furtherance of the conspiratorial agreement is an issue for trial.

At this stage of the proceedings and with respect to the pending motion to dismiss, the Court must accept the allegations in the Indictment as true. *See United States v. Stewart*, 841 F. Supp. 2d 431, 435 (D. Me. 2012). Given that the Indictment sets forth four overt acts (one specifically committed by defendant Mutisya and the other three by defendant Mutisya's co-conspirators) which are alleged to have been committed in furtherance of and to effect the

---

[1]USC2 is the United States citizen whom the defendant is alleged to have married on June 22, 2007, for the sole purpose of obtaining immigration benefits. (*See* Indictment at 8; Doc. #1.)

3

objectives of the conspiracy and which are alleged to have occurred within the limitations period, the conspiracy charge in Count One is timely. Therefore, the motion to dismiss must be denied.

### III. CONCLUSION

Based on the foregoing, it is

RECOMMENDED that the Court, after making an independent review of the record and applicable law, enter an order denying the Motion to Dismiss Defendant Fidelina Mutisya From Case (Doc. #34).

The parties are reminded they have fourteen days from the date of receipt of a copy of this Report and Recommendation within which to file and serve objections to same. A failure to file and serve timely objections shall bar an attack on appeal of the factual findings in this Report and Recommendation which are accepted or adopted by the district judge, except on the grounds of plain error or manifest injustice.

*/s/ Lajuana M. Counts*
Lajuana M. Counts
United States Magistrate Judge